UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DONALD O. WILLIAMS,

        Plaintiff,

v.                                               Case No: 5:13-cv-351-Oc-29PRL

LAKE COUNTY BOARD OF
COMMISSIONERS, SECRETARY,
DEPARTMENT OF CORRECTIONS and
SOCIAL SECURITY ADMINISTRATION,

        Defendants.
_____/

## ORDER OF DISMISSAL

Plaintiff, a pre-trial detainee currently incarcerated at the Lake County Detention Center in Tavares, Florida, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1, filed July 22, 2013). Plaintiff has also filed a motion to proceed *in forma pauperis* (Doc. 2). Plaintiff alleges that his constitutional rights to due process have been violated by the Social Security Administration, the Florida Department of Corrections, and the Lake County Florida County Commissioners (Doc. 1 at 7).

When an application is filed to proceed *in forma pauperis*, the Court must review the file pursuant to Title 28 U.S.C. § 1915. For the reasons set forth in this Order, Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

I.  **Complaint**

The facts underlying Plaintiff's claims are alleged as follows:

In January of 2001, Plaintiff was diagnosed as a bi-polar manic with psychotic features (Doc. 1 at 7). "Several months later, numerous psychiatrists employed by the Florida Department of Corrections confirmed the diagnosis." Id. In 2008, after his release from prison, Plaintiff filed applications for disability benefits with the Veterans Affairs and the Social Security Administration. Id. His applications were denied. Id. Plaintiff appealed the denial of Social Security disability benefits, but his appeal was also denied. Id.

On April 9, 2010, Plaintiff was arrested for his failure to pay cab fare and was booked into the Lake County Detention Center where he sought psychiatric treatment (Doc. 1 at 7). He was denied bi-polar medication and was "rushed out the door at the Lake County Detention Center" on June 4, 2010 with no means of support and no means to acquire medication. Id. He explained his situation to his probation officer, but was not offered treatment. Id. Ten days later, an eighty-one year old woman "died in his presence from unknown causes." Id. As a result of her death, Plaintiff is charged with first degree capital murder, kidnaping and robbery. Id. Presently, several psychiatrists and psychologists have concluded that Plaintiff suffers from post-

2

traumatic stress disorder, bi-polar I with psychotic features, seizure disorders, and other mental illnesses. Id.

Plaintiff seeks relief from the Social Security Administration for denying his application for disability benefits; from the Florida Department of Corrections for refusing to assist him with his mental illness; and from the Lake County Board of County Commissioners for failing to treat his mental illness from April 9, 2010 until June 4, 2010 while he was incarcerated at the Lake County Detention Center (Doc. 1 at 8).

Plaintiff does not identify the nature of relief he seeks from any defendant other than stating that he wants a trial.

## II. Legal Standards

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal-
> >
> > > (i)   is frivolous or malicious;

3

>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 47 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

### III. Analysis

To state a claim under § 1983, a plaintiff must allege that: (1) a violation of a specific constitutional right or federal statutory provision; (2) was committed by a person acting under color of state law. Doe v. Sch. Bd. of Broward County, Fla., 604 F.3d 1248, 1265 (11th Cir. 2010). Construing Plaintiff's claims in a liberal fashion, the Court determines that he seeks damages

4

from the defendants for deliberate indifference to his serious medical needs (Doc. 1 at 7-8).

The Eighth Amendment prohibits indifference to a serious medical need so deliberate that it constitutes "the unnecessary and wanton infliction of pain[.]" Estelle v. Gamble, 429 U.S. 97, 104 (1976). To demonstrate deliberate indifference, a plaintiff must show both an objectively serious medical need and the defendant's subjective knowledge of, and more than negligent disregard of, that need. Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003).

Mere claims of negligence or inattention by a medical practitioner do not rise to the level of an Eighth Amendment violation which is actionable under § 1983. Estelle, 429 U.S. at 106 (medical malpractice does not become a constitutional violation merely because the victim is a prisoner); Mandel v. Doe, 888 F.2d 783, 787–88 (11th Cir. 1989). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.]" Whitley v. Albers, 475 U.S. 312, 319 (1986). In addition, a mere simple difference in medical opinion between the prison's medical staff and the inmate as to his diagnosis or course of treatment does not support a claim of cruel and unusual punishment. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

### a. Plaintiff has not stated a claim against the Social Security Administration

Given that Plaintiff files this motion as a *pro se* litigant, the Court will liberally construe his claim against the Social Security Administration as an attempt to state a cause of action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (permitting suits against federal officers for monetary damages alleged to have violated a citizen's constitutional rights). However, the Supreme Court has definitively disallowed Bivens actions in the Social Security context, stating that "[t]he [Social Security] Act . . . makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits." Schweiker v. Chilicky, 487 U.S. 412, 424-25 (1988).

Likewise, even if construed as a 42. U.S.C. § 1983 claim, the Social Security Administration's review of Plaintiff's alleged mental disability is an operation of federal law and does not involve any actions under the color of state law. Moreover, even were the Social Security Administration somehow acting under the color of state law, the United States cannot be sued without its consent, and a federal court lacks subject matter jurisdiction over such claims absent an express waiver of sovereign immunity. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies

6

from suit."). Thus, to the extent Plaintiff intended to state a § 1983 claim against the Social Security Administration, the claim must fail.

Because Plaintiff cannot obtain relief against the Social Security Administration as a matter of law, all claims against this defendant are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### b. Plaintiff does not state a claim against the Florida Department of Corrections

Plaintiff's complaint is unclear as to his allegations against the Florida Department of Corrections. In his Statement of Claims, Plaintiff's asserts that "[t]he State of Florida Department of Corrections refused to assist Plaintiff when his disabilities were apparent and he pleaded for help. DOC did not treat Plaintiff as they were required or how they had treated other [indecipherable] in similar circumstances." (Doc. 1 at 8). The facts as alleged by Plaintiff do not support his contention that he was refused mental health treatment by this defendant.

Plaintiff states that in 2001, he was evaluated by "numerous" psychiatrists at the Florida Department of Corrections (Doc. 1 at 7). Plaintiff further alleges that while in the custody of the Florida Department of Corrections, he was prescribed "two antipsychotic mind-altering psychiatric medication regimes and intense counseling that began in January of 2001." *Id.* No other allegations are made against this defendant. To the

7

extent Plaintiff now argues that the treatment he received from 2001 until his release was inadequate or defective, such a claim is barred by the four-year statute of limitations for § 1983 claims.[1]

Plaintiff turned over his complaint for mailing on July 17, 2013. Accordingly, any claim founded on actions that occurred before July 17, 2009 is barred by the statute of limitations. Plaintiff states that he was released from the custody of the Florida Department of Corrections on August 1, 2008 (Doc. 1 at 7). Plaintiff's claims concerning the quality of his mental health treatment while in prison are time barred.

In addition, even if this claim were not time barred, Plaintiff has not alleged that the Florida Department of Corrections demonstrated deliberate indifference to his serious medical needs so as to state a claim under the Eighth Amendment's Cruel and Unusual Clause. To the contrary, Plaintiff alleges that he received psychiatric drugs and "intense counseling" while in

---

[1] Although 42 U.S.C. § 1983 does not have a statute of limitations provision, the courts look to the limitation period prescribed by the state in which the litigation arose. In all § 1983 actions, the state limitations statute governing personal injury claims should be applied. See Wilson v. Garcia, 471 U.S. 261, 276-79 (1985). The applicable statute of limitations in a § 1983 lawsuit brought in Florida is the four-year limitations period for personal injury claims. See Fla. Stat. § 95.11(3) (providing a four year limitations period for suits founded on personal injuries); Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) (recognizing that, in a case brought in the forum state of Florida, the statute of limitations is four years).

8

the custody of the Florida Department of Corrections. Plaintiff raises, at most, a disagreement with his course of treatment or a claim for medical malpractice. Allegations of negligence or medical malpractice do not rise to a constitutional violation. Estelle, 429 U.S. at 97.

Plaintiff's claims against the Florida Department of Corrections are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### c. Plaintiff has not stated a claim against the Lake County Florida County Commissioners

Plaintiff states that the "Lake County Florida County Commissioners in charge of the Sheriff's Office and its Jail were responsible for treating Plaintiff on April 9, 2010 [through] June 4, 2010, but refused despite his pleadings." (Doc. 1 at 8).

Plaintiff's claim fails as a matter of law because a claim for deliberate indifference brought against a state actor in his official capacity which is premised solely on a theory of vicarious liability does not exist under 42 U.S.C. § 1983. Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1115-16 (11th Cir. 2005)( ("[T]o succeed on her § 1983 claim, [the plaintiff] must establish that the Sheriff himself, as representative of Monroe County, was deliberately indifferent to the possibility of [the decedent's] suicide, since neither respondeat superior nor vicarious liability exists under § 1983.")(citing Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396

(11th Cir. 1994)).  Thus, only when a policy or custom of the municipality inflicts the injury does § 1983 liability exist. <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378 (1989).

Plaintiff does not allege that the Lake County Commissioners were personally aware of Plaintiff's need for mental health treatment and ignored that need.  Nor has Plaintiff alleged any custom or policy of inadequate training, supervision, or staffing of the jail such that the Lake County Commissioners were deliberately indifferent to Plaintiff's serious medical needs. Rather, Plaintiff merely asserts that he was "rushed out the door at the L.C.D.C. with no means of support or means to acquire medications." (Doc. 1 at 7).

Even if this Court assumes that Lake County policy allowed prisoners to be released from custody without "support or means to acquire medications", such a policy does not necessarily rise to the level of deliberate indifference.  Although Plaintiff has not identified the harm he allegedly suffered as a result of his release from the Lake County Detention Center without receiving the mental health treatment he requested, the Court will liberally construe the Complaint as asserting that Plaintiff suffered serious harm because he was arrested for first degree murder after his release. Even assuming that Plaintiff's arrest is objectively serious harm, he has not alleged that the Lake County Commissioners had a subjective knowledge of the risk of serious

10

harm. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). To wit, Plaintiff has not alleged facts to show that this defendant had knowledge of a strong likelihood, rather than a mere possibility, that Plaintiff would harm someone or get re-arrested if released. *See Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989) ("The deliberate indifference standard is met only if there were a 'strong likelihood, rather than a mere possibility,' that self-infliction of harm would result.") (quoting *State Bank of St. Charles v. Camic*, 712 F.2d 1140, 1146 (7th Cir. 1983)(discussing a prison suicide case). Moreover, because *respondeat superior* liability does not attach under § 1983, the defendants must have personally had this knowledge.

Because Plaintiff has failed to allege that his arrest was foreseeable to the Lake County Commissioners, he has not stated a claim on which relief may be granted as to this defendant. Plaintiff's claims against the Lake County Commissioners are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**IV. Conclusion**

In sum, the Court **ORDERS** as follows:

1. Plaintiff's claims against the Social Security Administration are **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted.

2. Plaintiff's claims against the Florida Department of Corrections and the Lake County Commissioners are **DISMISSED** for failure to state a claim on which relief may be granted.

3. With no remaining claims or defendants, this case is **DISMISSED.** The **Clerk of the Court** is directed to terminate all pending motions, to close this case, and to enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this   23rd   day of August, 2013.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4 8/21
Copies furnished to: Donald O. Williams